UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| VIRGIL VAN STELTON, CAROL VAN STELTON AND ALVIN VAN STELTON,<br><br>Plaintiffs,<br>vs.<br><br>JERRY VAN STELTON, DONNA VAN STELTON, EUGENE VAN STELTON, GARY CHRISTIANS, DOUG WEBER, SCOTT GRIES, NATE KIRKKE, ROBERT E. HANSEN, DANIEL DEKOTER, OSCEOLA COUNTY, IOWA, AND OTHER UNIDENITIFED PERSONS AND ENTITIES,<br><br>Defendants. | NO. C11-4045MWB<br><br><br>DEFENDANT'S BRIEF IN SUPPORT OF MOTION FOR RECUSAL |

## FACTS

Plaintiffs filed this lawsuit against Defendants asserting various causes of action including allegations that their First, Fourth, Fifth, and Fourteenth Amendment rights were violated. *See,* Complaint. Plaintiffs specifically allege in Count 7 that their "First Amendment right to Petition the Government for Redress of Grievances" was violated by all defendants including Osceola County Sheriff Doug Weber (Weber). *Id*.

This Court and Weber have a history of First Amendment litigation that may well appear antagonistic to a reasonable person. This relationship started when this Court presided over two prior, separate matters involving Weber; *Dorr v. Weber,* Civ. No. 08-4093 and *Minten v. Weber,* Civ. No. 11-4004. *Dorr* and *Minten* are "sister" cases that involve different issues and parties, but share some common facts. Plaintiffs in these cases alleged that Weber violated their First Amendment rights. In the *Minten* case, this Court labeled Weber "a serial, recidivist, First Amendment violator …" *Minten v. Weber,* 2011 WL

**KLASS LAW FIRM, L.L.P.**

1

6754066, * 16 (D. Iowa 2011). In a subsequent Order, this Court said this characterization was "not an essential part" of the Court's ruling in *Minten,* but the Court nevertheless included the comment in its ruling. *See,* Sealed Memorandum Opinion and Order Regarding the Parties' Motions in Limine, Civ. No. 11-4004, Document 35. Further, this Court in the *Dorr v. Weber* case ordered Weber to successfully complete a college level course on the United States Constitution. *Minten* at 2011 WL 6754066, fn1.

Weber moves this Court to recuse itself from this matter because the appearance of impartiality is not present in this case.

## STANDARD & ARGUMENT

**I. Recusal is appropriate under 28 U.S.C. § 455.**

28 U.S.C. § 455 dictates that recusal of this Court is appropriate. § 455 provides, in pertinent part:

> **(a)** Any justice, judge, or magistrate judge of the United States *shall disqualify* himself in any *proceeding in which his impartiality might reasonably be questioned*.
>
> **(b)** He shall also disqualify himself in the following circumstances:
>
> **(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(emphasis added).

The plain language of 28 U.S.C. § 455(a) provides that this Court "shall disqualify" itself when its "impartiality might reasonably be questioned." The history between this Court and Weber provides sufficient factual basis to question the impartiality of this Court in presiding over a third First Amendment case involving Weber.

"A federal judge '***shall*** disqualify himself in any proceeding in which impartiality might reasonably be questioned.'" *United States v. Aldridge,* 561 F.3d 759, 764 (8th Cir.

KLASS LAW FIRM, L.L.P.

2009) quoting 28 U.S.C. § 455(a)(emphasis added). "The test for recusal is 'whether the judge's impartiality might reasonably be questioned by the average person on the street who knows all of the relevant facts of a case.'" *Id.* quoting *Moran v. Clarke,* 296 F.3d 638, 648 (8th Cir. 2002)(en banc); *accord United States v. Jordan,* 49 F.3d 152, 156 (5th Cir. 1995)(considering how the facts would appear to a 'well-informed, thoughtful and objective observer, rather than the hypersensitive, cynical, and suspicious person'). Under § 455(a), disqualification is required if a reasonable person would question the judge's impartiality, even if no actual bias or prejudice is shown. *See, Fletcher v. Conoco Pipe Line Company,* 323 F.3d 661, 664 (8th Cir. 2003). Recusal is appropriate if the record demonstrates a "deep-seated favoritism or antagonism [on the part of the judge] that would make fair judgment impossible." *Aldridge* at 764.

## CONCLUSION

Because this Court already considers Weber a "serial, recidivist First Amendment violator," it would not appear to the average person on the street that Weber or those associated with him could receive impartial treatment in the instant case. Accordingly, Defendants believe that recusal is appropriate.

Respectfully submitted,

_[signature: Douglas L. Phillips]_

Douglas L. Phillips
KLASS LAW FIRM, L.L.P.
Mayfair Center, Upper Level
4280 Sergeant Road, Suite 290
Sioux City, IA  51106
phillips@klasslaw.com
WWW.KLASSLAW.COM
*712/252-1866*
712/252-5822 fax

ATTORNEYS FOR DEFENDANT S

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the _27th_ day of February, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

Alvin Van Stelton
414 Fourth Avenue
Ashton, IA  51232

Virgil and Carol Van Stelton
2025 Olive Avenue
Sibley, IA  51249

James W. Redmond
Heidman Law Firm
1128 Historic 4th Street
Sioux City, IA  51102

Ronald Shea
Smith, Grigg, Shea & Klinker
120 South Hayes Avenue

**KLASS LAW FIRM, L.L.P.**

4

PO Box 98
Primghar, IA  51245

Joseph Fitzgibbons
Attorney at Law
108 North Seventh Street
P.O. Box 496
Estherville, IA  51334

Douglas L. Phillips