# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

VIRGIL VAN STELTON, et al.,

    Plaintiffs,

vs.

JERRY VAN STELTON, et al.,

    Defendants.

No. C11-4045-MWB

**ORDER**

_____

This case is before me on two virtually-identical motions filed by various defendants: (a) a motion (Doc. No. 109) to quash subpoenas and for protective order filed by defendants Weber, Gries, Krikke, Hansen and Osceola County and (b) a motion (Doc. No. 111) filed by defendants Dekoter and Dekoter, Thole and Dawson, PLC, for protective order and to quash subpoena. Plaintiffs have filed resistances (Doc. Nos. 116 and 117) to both motions. Both motions included a request for expedited hearing due to upcoming depositions. As such, I conducted a telephonic hearing on August 16, 2013. The parties appeared through their respective counsel.

The dispute centers around document requests and subpoenas served by the plaintiffs. On July 17, 2013, Judge Bennett entered an order that granted in part and denied in part the defendants' motions to dismiss this action. On July 30, 2013, plaintiffs served Rule 34 document production requests directed to defendants Weber and Hansen. On July 30 and 31, 2013, plaintiffs served subpoenas on defendants Weber, Hansen and Dekoter demanding not only that they appear for their own depositions (already scheduled for August 19, 20 and 21), but also that they bring with them the same documents described in the Rule 34 document requests.

In their motions, defendants complain that the documents requested in both the Rule 34 requests and the subpoenas are beyond the scope of relevance in light of Judge

Bennett's recent ruling. They also express concern that plaintiffs' counsel intends to ask questions during the upcoming depositions that are no longer relevant in light of that ruling. Finally, they argue that the use of subpoenas in an attempt to accelerate the production of documents by party deponents is improper.

Plaintiffs contend that the recent dismissal of certain claims does not render their document requests irrelevant or otherwise improper. They also disagree with defendants concerning the permissible scope of deposition questions. Finally, plaintiffs contend that the subpoenas are proper and that the deponents should be compelled to bring the requested documents with them to their depositions.

The "subpoena" issue is easy. Federal Rule of Civil Procedure 30(b)(2) states that a party seeking to depose another party may issue a deposition notice "accompanied by a request *under Rule 34* to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2) [emphasis added]. Rule 34, of course, includes a 30-day period for responding to document requests. Fed. R. Civ. P. 34(b)(2)(A). Plaintiffs may not circumvent, and unilaterally accelerate, this 30-day period by serving a subpoena on a party. The deposition subpoenas are quashed to the extent they purport to require defendants Weber, Hansen and Dekoter to produce documents at their depositions on August 19, 20 and 21.

The other issues raised by defendants' motions are simply premature. With regard to the scope of questioning at the upcoming depositions, all parties know which claims and allegations are currently part of this case. And, of course, the scope of permissible discovery is broad. Fed. R. Civ. P. 26(b)(1). Reasonable people can, and often do, disagree as to the relevance of specific information in the course of discovery. For the most part, even if counsel for a deponent is convinced that a question seeks irrelevant information, the correct course of action is to allow the witness to answer. An attorney may "instruct a deponent not to answer only when necessary to preserve a

privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)."  *See* Fed. R. Civ. P. 30(c)(2).   A motion under Rule 30(d)(3) is appropriate only when a deposition "is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent or party."  *See* Fed. R. Civ. P. 30(d)(3).

At this point, it is simply not prudent or proper for me to give advisory opinions as to which questions, or topics, might or might not be appropriate during the depositions.  If any attorney determines, in good faith, that a motion under Rule 30(d)(3) is necessary, then he or she can instruct the deponent not to answer the question or questions at issue.  The examination should then move on to other topics, with the motion being presented as soon as practicable after the deposition.  At that point, at least, there will be a record with one or more specific questions about which the parties may present arguments.  Of course, if the motion is denied, and the question(s) at issue deemed appropriate, the examining party would be allowed to reconvene the deposition, most likely at the deponent's expense.

As for the pending Rule 34 document requests, defendants should follow the ordinary course for responding to such requests.  If defendants believe some or all of them are objectionable, they should serve timely written objections.  Counsel will then be able to conduct the required "meet and confer" process and attempt to resolve some or all of the issues informally.  If it becomes necessary for any party to file a motion, that motion will be addressed in the usual manner.

To conclude, defendants' motions (Doc. Nos. 109 and 111) are **granted in part and denied in part.**  The motions are **granted** in that the subpoenas directed to defendants Weber, Hansen and Dekoter are hereby **quashed** to the extent that they demand the production of documents at their depositions on August 19, 20 and 21.   The motions are **denied as premature** with regard to defendants' request for entry of a

3

protective order concerning the scope of deposition questions and the propriety of the pending Rule 34 document requests.

**IT IS SO ORDERED.**

**DATED** this 16th day of August, 2013.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE

4