# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| VIRGIL VAN STELTON, CAROL VAN STELTON, AND ALVIN VAN STELTON,<br><br>Plaintiffs,<br>vs.<br><br>JERRY VAN STELTON, DONNA VAN STELTON, EUGENE VAN STELTON, GARY CHRISTIANS, DOUG WEBER, SCOTT GRIES, NATE KRIKKE, ROBERT E. HANSEN, DANIEL DEKOTER, OSCEOLA COUNTY, IOWA, AND DEKOTER, THOLE AND DAWSON, P.L.C.,<br><br>Defendants. | No. C11-4045-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND ............................................. 2*
  *A. Procedural Background ................................................................ 2*
  *B. Allegations In The Counterclaim ................................................... 4*

*II. LEGAL ANALYSIS ........................................................................ 5*
  *A. Standards For A Motion To Dismiss .............................................. 5*
  *B. Sufficiency Of Abuse Of Process Allegations ................................. 8*
    *1. Requirements for abuse of process claim ........................... 8*
    *2. Sufficiency of the County defendants' pleadings ................ 11*

*III. CONCLUSION ............................................................................ 13*

Plaintiffs brought a panoply of claims against defendants, including claims for civil rights violations under 42 U.S.C. § 1983; violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; and pendent state law claims for false arrest, malicious prosecution, slander and libel, and tortious interference with prospective economic advantage. I granted portions of defendants' motions to dismiss for failing to adequately state viable claims under Federal or Iowa law. Following my order, defendants filed their answers to the Third Amended Complaint and some defendants filed a counterclaim for abuse of process against plaintiffs. Plaintiffs have now moved to dismiss that counterclaim. Plaintiffs' motion to dismiss requires me to consider whether the counterclaim adequately states a viable abuse of process claim under Iowa law.

## I. *INTRODUCTION AND BACKGROUND*

### A. *Procedural Background*

On May 11, 2011, plaintiffs filed their initial *pro se* Complaint. The Complaint contained the following claims: (1) civil rights violation claims under 42 U.S.C. § 1983 by all plaintiffs; (2) claims by Virgil Van Stelton for false arrest, malicious prosecution, and loss of consortium; (3) claims by Virgil Van Stelton and Alvin Van Stelton for intentional infliction of emotional distress, slander, and "interference with Right to Petition for Redress of Grievances."

On January 6, 2012, plaintiffs filed their Amended Complaint. The Amended Complaint added Carol Van Stelton's claims for intentional infliction of emotional distress, loss of consortium, and slander. After plaintiffs retained counsel, plaintiffs sought and were granted leave to file a Second Amended Complaint on November 9, 2012. The Second Amended Complaint contained additional factual allegations and added the City of Sibley as a defendant. The Second Amended Complaint contained

the following claims: (1) civil rights violations under 42 U.S.C. § 1983; (2) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq*.; (3) pendent state law claims for false arrest, malicious prosecution, slander and libel, tortious interference with prospective economic advantage, and declaratory judgment and injunctive relief.

Defendants Doug Weber, Scott Gries, Nate Krikke, Robert E. Hansen, and Osceola County's (collectively, "the County defendants") filed a motion to dismiss portions of the Second Amended Complaint. In response, plaintiffs sought and were granted leave to file their Third Amended Complaint. The Third Amended Complaint contained more factual detail and added a law firm as named defendants. Plaintiffs also added claims under Iowa's Ongoing Criminal Conduct statute ("OCC"), *see* IOWA CODE ch. 706A, to their RICO claims in Count 2. The County defendants then amended their motion to dismiss.

I granted the County defendants' motion to dismiss and, at the conclusion of my ruling, I provided the following summary of the outcome with regard to claims against the County defendants:

> 1. The County defendants' motion to dismiss is granted, and the following claims against the County defendants are dismissed:
>
>     a. the RICO claim;
>
>     b. the First Amendment right to petition claim;
>
>     c. Carol Van Stelton's slander and libel claim;
>
>     d. the tortious interference with prospective business relations claim;
>
>     e. the Iowa Ongoing Criminal Conduct (OCC) claim.

Memorandum Opinion and Order at 55. Following my order, the County defendants filed their answer to the Third Amended Complaint, along with a counterclaim for abuse of process against plaintiffs. Plaintiffs have now moved to dismiss the County defendants' counterclaim. Plaintiffs contend that the County defendants' counterclaim for abuse of process fails to state a claim upon which relief may be granted under Iowa law. Specifically, they assert that "[t]here is no cause of action against a party proceeding in the same action for filing a 'frivolous' claim which may be brought as a Counterclaim." Plaintiffs' Br. at 3. Thus, plaintiffs contend that the pleading of the abuse of process counterclaim is insufficient on its face, because the required element of use of legal process for an improper purpose cannot be shown. Plaintiffs further argue that the County defendants' "only proper remedy" against them for bringing frivolous claims is under Federal Rule of Civil Procedure 11. The County defendants dispute plaintiffs' contentions and argue that they have adequately pleaded the elements of their abuse of process counterclaim.

### B. *Allegations In The Counterclaim*

When ruling on a motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). The County defendants are all residents of Osceola County, Iowa. Weber is the Osceola County Sheriff and Hansen is the Osceola County Attorney. Gries and Krikke are employed by Osceola County as deputy sheriffs. The County defendants assert, *inter alia*, that:

> Plaintiffs intentionally filed their Third Amended Complaint, knowing that there was no factual basis for the foregoing claims, and seeking to gain an advantage that they had not been able to acquire by any legitimate means during the

4

many years of their ongoing dispute with family members over ownership and control of the family farm land.

The County defendants' counterclaim at ¶ 4. As a result, the County defendants further assert that they have been damaged.

## II. LEGAL ANALYSIS

### A. *Standards For A Motion To Dismiss*

Plaintiffs seek dismissal of the County defendants' counterclaim, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, which authorizes a motion to dismiss for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). As the Eighth Circuit Court of Appeals has explained,

> We review de novo the district court's grant of a motion to dismiss, accepting as true all factual allegations in the complaint and drawing all reasonable inferences in favor of the nonmoving party. *See Palmer v. Ill. Farmers Ins. Co.*, 666 F.3d 1081, 1083 (8th Cir. 2012); *see also* Fed.R.Civ.P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

*Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012); *accord Freitas v. Wells Fargo Home Mortg., Inc.*, 703 F.3d 436, 438 (8th Cir. 2013) (quoting *Richter*, 686 F.3d at 850); *Whitney v. Guys, Inc.*, 700 F.3d 1118, 1128 (8th Cir. 2012) (stating the same standards).

Courts consider "plausibility" under this *Twom-bal* standard[1] by "'draw[ing] on [their own] judicial experience and common sense.'" *Whitney*, 700 F.3d at 1128 (quoting *Iqbal*, 556 U.S. at 679). Also, courts must "'review the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.'" *Id.* (quoting *Zoltek Corp. v. Structural Polymer Grp.*, 592 F.3d 893, 896 n.4 (8th Cir. 2010)). The Eighth Circuit Court of Appeals has refused, at the pleading stage, "to incorporate some general and formal level of evidentiary proof into the 'plausibility' requirement of *Iqbal* and *Twombly*." *Id*. Nevertheless, the question "is not whether [the pleader] might at some later stage be able to prove [facts alleged]; the question is whether [it] has adequately asserted facts (as contrasted with naked legal conclusions) to support [its] claims." *Id*. at 1129. Thus,

> [w]hile this court must "accept as true all facts pleaded by the non-moving party and grant all reasonable inferences from the pleadings in favor of the non-moving party," *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000), "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937 (quoting *[Bell Atl. Corp. v.] Twombly*, 550 U.S. [544,] 555, 127 S.Ct. 1955 [(2007)]).

---

[1] The "*Twom-bal*" standard is my nickname for the "plausibility" pleading standard established in the United States Supreme Court's twin decisions on pleading requirements, and standards for dismissal for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for claims in federal court. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

*Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012); *Whitney*, 700 F.3d at 1128 (stating the same standards).

In assessing "plausibility," as required under the *Twom-bal* standard, the Eighth Circuit Court of Appeals has explained that courts "consider[ ] only the materials that are 'necessarily embraced by the pleadings and exhibits attached to the complaint,'" *Whitney*, 700 F.3d at 1128 (quoting *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003)), and "'materials that are part of the public record or do not contradict the complaint.'" *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999), and citing *Illig v. Union Elec. Co.*, 652 F.3d 971, 976 (8th Cir. 2011)). A more complete list of the matters outside of the pleadings that the court may consider, without converting a Rule 12(b)(6) motion to dismiss into a Rule 56 motion for summary judgment, pursuant to Rule 12(d), includes "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned.'" *Miller*, 688 F.3d at 931 n.3 (quoting 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 2004)).

Various federal Circuit Courts of Appeals have expressly recognized that, in addition to dismissal for factual implausibility, the *Twom-bal* standard still permits dismissal pursuant to Rule 12(b)(6) of a claim that lacks a cognizable legal theory. *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013); *Ball v. Famiglio*, 726 F.3d 448, 469 (3d Cir. 2013) (a claim may be dismissed if it is based on an "indisputably meritless legal theory"); *Commonwealth Property Advocates, L.L.C. v. Mortgage Electronic Registration Sys., Inc.*, 680 F.3d 1194, 1202 (10th Cir. 2011) ("Dismissal is appropriate if the law simply affords no relief."); *see also Philadelphia*

7

*Indem. Ins. Co. v. Youth Alive, Inc.*, 732 F.3d 645, 649 (6th Cir. 2013) (recognizing that a claim must plead sufficient facts under a "viable legal theory"). With these standards in mind, I turn to consider plaintiffs' motion to dismiss the County defendants' counterclaim for abuse of process.

### B. *Sufficiency Of Abuse Of Process Allegations*
#### 1. *Requirements for abuse of process claim*

The Iowa Supreme Court has explained that "[a]buse of process is 'the use of legal process, whether criminal or civil, against another primarily to accomplish a purpose for which it was not designed.'" *Gibson v. ITT Hartford Ins. Co.*, 621 N.W.2d 388, 398 (Iowa 2001) (quoting *Fuller v. Local Union No. 106 of United Bhd. of Carpenters & Joiners of Am.*, 567 N.W.2d 419, 421 (Iowa 1997)). Thus, "[t]he essence of this tort is an improper purpose for using the legal process." *Fuller*, 567 N.W.2d at 421. There are three elements to an abuse-of-process claim under Iowa law: (1) the use of a legal process; (2) in an improper or unauthorized manner; and (3) resulting damages. *Stew-McDevelopment, Inc. v. Fischer*, 770 N.W.2d 839, 849 (Iowa 2009); *Gibson*, 621 N.W.2d at 398; *Thomas v. Marion County*, 652 N.W.2d 183, 186 (Iowa 2002); *Fuller*, 567 N.W.2d at 421-22; *Palmer v. Tandem Mgmt. Servs.*, 505 N.W.2d 813, 817 (Iowa 1993). A claim for abuse of process can be asserted even before the underlying, allegedly abusive proceeding is concluded, because the wrongful act upon which the claim is based is the commencement of the allegedly abusive action. *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 400 (Iowa 1998).

The Iowa Supreme Court has also explained that "'[t]he first element [of an abuse-of-process claim, use of legal process,] can generally be shown by the use of a legal process against the plaintiff.'" *Gibson*, 621 N.W.2d at 398 (quoting *Wilson v. Hayes*, 464 N.W.2d 250, 266 (Iowa 1990)). The "legal process" in question can be

8

civil or criminal. *Fuller*, 567 N.W.2d at 421 (citing *Palmer*, 505 N.W.2d at 817). Although the Iowa Supreme Court has "not precisely identified what action constitutes 'legal process' sufficient to satisfy the first element," *see id*. at 422, it appears reasonably clear that actually filing a civil lawsuit against the claimant would constitute the required "use of legal process" against the claimant. *Cf. id*. (concluding that filing a police report was insufficient, but suggesting that actually filing a criminal complaint would be sufficient).

As to the second element, "'[t]he plaintiff must prove that the defendant used the legal process *primarily* for an impermissible or illegal motive.'" *Fischer*, 770 N.W.2d at 849 (quoting *Gibson*, 621 N.W.2d at 398 (quoting in turn Wilson, 464 N.W.2d at 266, with emphasis in the original) (internal quotation marks omitted). Abuse of process claims under Iowa law often fail on the merits, because of the high burden imposed by the Iowa Supreme Court for this second element. *Fuller*, 567 N.W.2d at 422; *accord Thomas*, 652 N.W.2d at 186 (citing *Fuller*). At this stage of the proceedings, however, the question is whether the County defendants have adequately pleaded their abuse of process counterclaims. Thus, plaintiffs must show that "no relief could be granted [on the County defendants' counterclaim] under any set of facts that could be proved consistent with the allegations." *Handeen*, 112 F.3d at 1347 (internal quotation marks and citations omitted). I find that plaintiffs cannot make that showing.

As the Iowa Supreme Court has explained,

> Normally the improper purpose sought is an attempt to secure from another some collateral advantage not properly includable in the process itself. [*Palmer*, 505 N.W.2d at 817]. This amounts to "a form of extortion in which a lawfully used process is perverted to an unlawful use." *Id*. (citing *Schmidt v. Wilkinson*, 340 N.W.2d 282, 284-85 (Iowa 1983)).

*Fuller*, 567 N.W.2d at 421. To put it another way, proof of an ulterior motive for the plaintiff's suit, standing alone, is not enough. *Grell v. Poulsen*, 389 N.W.2d 661, 663 (Iowa 1986); *accord Johnson v. Farm Bureau Mut. Ins. Co.*, 533 N.W.2d 203, 209 (Iowa 1995); *Palmer*, 505 N.W.2d at 817. Rather, "[a] prerequisite for recovery is evidence that the person committed some act in the use of process that was not proper in the regular prosecution of the proceeding." *Id.* at 664. Therefore, a party sued for abuse of process "is not liable if he [or she] has done no more than carry the process to its authorized conclusion, even with bad intentions." *Wilson*, 464 N.W.2d at 267; *accord Johnson*, 533 N.W.2d at 209 (quoting *Wilson*). Still more specifically,

> Abuse of process will not lie for a civil action that inconveniences a defendant or for one filed in expectation of settlement. [*Wilson*, 464 N.W.2d at 267.] Additionally, there is no abuse of process when the action is filed to intimidate and embarrass a defendant knowing there is no entitlement to recover the full amount of damages sought.

*Palmer*, 505 N.W.2d at 817. On the other hand, "[a]n abuse of process can occur even though there is probable cause to bring the action and the original action terminates in favor of the plaintiff," if the primary purpose of the action is nevertheless improper. *Id.* at 817 (citing *Wilson*, 464 N.W.2d at 266).

To explain what is meant by "primarily to accomplish a purpose for which [the process] is not designed," the Iowa Supreme Court has adopted Comment b to section 682 of the Restatement (Second) of Torts, which states the following:

> "Primarily." The significance of this word is that there is no action for abuse of process when the process is used for the purpose for which it is intended, but there is an incidental motive of spite or an ulterior purpose of benefit to the defendant. Thus the entirely justified prosecution of another on a criminal charge, does not become abuse of process merely because the instigator dislikes the accused and enjoys doing him harm; nor does the instigation of

>   justified bankruptcy proceedings become abuse of process
>   merely because the instigator hopes to derive benefit from
>   the closing down of the business of a competitor.
>
>   For abuse of process to occur there must be use of the
>   process for an immediate purpose other than that for which
>   it was designed and intended. The usual case of abuse of
>   process is one of some form of extortion, using the process
>   to put pressure upon the other to compel him to pay a
>   different debt or to take some other action or refrain from it.

*Pundzak, Inc. v. Cook*, 500 N.W.2d 424, 429-30 (Iowa 1993) (quoting RESTATEMENT (SECOND) OF TORTS § 682, cmt. b ). The Iowa Supreme Court affirmed a jury verdict of abuse of process, where the defendant had told witnesses that it was going to "nickel and dime [the plaintiff] to death" and "bleed" the plaintiff by filing litigation against the plaintiff, and there was evidence that the defendant stood to benefit from media coverage of the litigation involving its competitor, despite the defendant's contention that harming the plaintiff was not the defendant's "primary" purpose. *Id*. at 430.

### 2. *Sufficiency of the County defendants' pleadings*

The first element of an abuse-of-process claim is the use of a legal process against the claimant. *Gibson*, 621 N.W.2d at 398. Here, the County defendants have pleaded a plausible factual basis in their counterclaim that plaintiffs initiated a civil lawsuit on multiple grounds against the County defendants, and that suit is now before me. Thus, the first element of the County defendants' counterclaim is factually plausible. *Cf. Fuller*, 567 N.W.2d at 422 (concluding that filing a police report was insufficient to satisfy the first element of an abuse-of-process claim, but suggesting that actually filing a criminal complaint would be sufficient).

Although I view this as a close question, I find that the County defendants have also alleged a plausible factual basis on the second element of their abuse of process counterclaim, use of process in an improper or unauthorized manner, *Gibson*, 621

11

N.W.2d at 398, by pleading, *inter alia*, that plaintiffs initiated this lawsuit not for any proper purpose but "seeking to gain an advantage that they had not been able to acquire by any legitimate means during the many years of their ongoing dispute with family members over ownership and control of the family farm land." The County defendants' counterclaim at ¶ 4. That is, plaintiffs are attempting to circumvent or pervert the legal process concerning their dispute with family members over the family farm land by bringing this litigation against those family members, the County defendants, and others. Thus, viewing the allegations in the counterclaim in the light most favorable to the County defendants, as I must on a Rule 12(b)(6) motion, the counterclaim is sufficient to satisfy the second element of abuse of process.

Finally, the Iowa Supreme Court has rejected plaintiffs' contention that an abuse of process claim will not lie, simply because there is probable cause to support some of plaintiffs' claims. *See Palmer*, 505 N.W.2d at 817 (citing *Wilson*, 464 N.W.2d at 266, in support of the rule that "[a]n abuse of process can occur even though there is probable cause to bring the action and the original action terminates in favor of the plaintiff").

In short, I find that the County defendants have alleged a plausible factual basis for each element of their abuse of process counterclaim. Again, the issue on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is not whether a claimant will ultimately prevail, but whether the claimant is entitled to offer evidence in support of his, her, or its claims. *Scheuer*, 416 U.S. at 236. The allegations here are sufficient to allow the County defendants to offer evidence in support of their counterclaim.

### *III.   CONCLUSION*

For the reasons previously discussed, plaintiffs' motion to dismiss counterclaim is denied.

**IT IS SO ORDERED**.

**DATED** this 15th day of January, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA