# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| VIRGIL VAN STELTON, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> JERRY VAN STELTON, et al., <br><br> Defendants. | No. C11-4045-MWB <br><br> *ORDER* |

Plaintiffs have filed a motion (Doc. No. 206) for a more definite statement concerning one paragraph of the counterclaim filed by defendants Weber, Hansen, Gries, Krikke and Osceola County, Iowa. Those defendants (the counterclaimants) have filed a resistance (Doc. No. 213) and plaintiffs have filed a reply (Doc. No. 220). Having reviewed the parties' filings, I conclude that oral argument is not necessary. *See* Local Rule 7(c).

Plaintiffs seek an order pursuant to Federal Rule of Civil Procedure 12(e) as to paragraph 4 of the counterclaim, which alleges:

> 4. Plaintiffs intentionally filed their Third Amended Complaint, knowing that there was no factual basis for the foregoing claims, and seeking to gain an advantage that they had not been able to acquire by any legitimate means during the many years of their ongoing dispute with family members over ownership and control of the family farm land.

Doc. No. 108 at 16. Rule 12(e) states:

> (e) Motion for a More Definite Statement. A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the

court sets, the court may strike the pleading or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

Plaintiffs previously attacked paragraph 4 of the counterclaim in a motion (Doc. No. 125) to dismiss the counterclaim for failure to state a claim pursuant to Rule 12(b)(6). Judge Bennett denied that motion by order (Doc. No. 199) filed January 15, 2014. In addressing the sufficiency of paragraph 4, he explained:

> The first element of an abuse-of-process claim is the use of a legal process against the claimant. . . . Here, the County defendants have pleaded a plausible factual basis in their counterclaim that plaintiffs initiated a civil lawsuit on multiple grounds against the County defendants, and that suit is now before me. Thus, the first element of the County defendants' counterclaim is factually plausible. . . .
>
> Although I view this as a close question, I find that the County defendants have also alleged a plausible factual basis on the second element of their abuse of process counterclaim, use of process in an improper or unauthorized manner, . . . by pleading, *inter alia*, that plaintiffs initiated this lawsuit not for any proper purpose but "seeking to gain an advantage that they had not been able to acquire by any legitimate means during the many years of their ongoing dispute with family members over ownership and control of the family farm land." [Counterclaim] at ¶ 4. That is, plaintiffs are attempting to circumvent or pervert the legal process concerning their dispute with family members over the family farm land by bringing this litigation against those family members, the County defendants, and others. Thus, viewing the allegations in the counterclaim in the light most favorable to the County defendants, as I must on a Rule 12(b)(6) motion, the counterclaim is sufficient to satisfy the second element of abuse of process.
>
> Finally, the Iowa Supreme Court has rejected plaintiffs' contention that an abuse of process claim will not lie, simply because there is probable cause to support some of plaintiffs' claims. . . .
>
> In short, I find that the County defendants have alleged a plausible factual basis for each element of their abuse of process counterclaim. Again,

> the issue on a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted is not whether a claimant will ultimately prevail, but whether the claimant is entitled to offer evidence in support of his, her, or its claims. . . . The allegations here are sufficient to allow the County defendants to offer evidence in support of their counterclaim.

Doc. No. 199 at 11-12 [citations omitted].

Having failed to procure dismissal, plaintiffs now seek an order requiring the defendants to replead paragraph 4. Plaintiffs claim that they "are entitled to know with sufficient detail what 'advantage' they are 'seeking to gain' so that they may decide whether to join issue, move to dismiss for lack of subject matter jurisdiction for this Court to decide a matter which is neither a case or controversy and for which the County Defendants do not have standing, or whether the claim asserted is unconstitutional per se so that Plaintiffs can take the appropriate next step in formulating their motions or responsive pleading." Doc. No. 206-1 at 9.

In resistance, the counterclaimants argue that the motion is procedurally improper, contending that a party is not entitled to file successive Rule 12 motions attacking the same pleading. And, indeed, Rule 12(g)(2) states as follows:

> (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

Fed. R. Civ. P. 12(g)(2). On the merits, the counterclaimants point out that Judge Bennett has already found that the allegations of paragraph 4 are sufficient to state a claim and that, in any event, those allegations satisfy the requirements of notice pleading that govern federal civil practice.

In their reply, plaintiffs argue that Judge Bennett's ruling on the motion to dismiss "truncated" paragraph 4 of the counterclaim by reading the word "and" to mean "or." Doc. No. 220 at 2-4. In effect, they claim that the ruling changed the meaning of the

3

counterclaim and that, prior to this change, plaintiffs could not have known that a motion for more definite statement was necessary.

Having carefully reviewed plaintiffs' arguments, and Judge Bennett's ruling, I find plaintiffs' arguments to be nonsensical. Judge Bennett did not "truncate" or otherwise amend paragraph 4 of the counterclaim. Instead, he found that the portion of paragraph 4 that describes an allegedly-improper purpose ("seeking to gain an advantage that they had not been able to acquire by any legitimate means during the many years of their ongoing dispute with family members over ownership and control of the family farm land") sufficiently alleges the second element of an abuse of process claim under Iowa law. Doc. No. 199 at 11-12. He then simply denied the motion to dismiss for failure to state a claim. *Id*. at 13. He did not amend or "truncate" paragraph 4.

Plaintiffs could have combined a Rule 12(e) motion for more definite statement with their Rule 12(b)(6) motion to dismiss the counterclaim. *See* Fed. R. Civ. P. 12(g)(1). They did not do so. Their belated effort to demand a more definite statement violates Rule 12(g)(2)[1] and expressly contradicts Judge Bennett's finding that the counterclaimants "have alleged a plausible factual basis for each element of their abuse of process counterclaim." Doc. No. 199 at 12. The motion (Doc. No. 206) for more definite statement is **denied**. Plaintiffs must answer the counterclaim.

---

[1] The exceptions described in Rules 12(h)(2) and (3) do not even arguably apply to plaintiffs' current motion. *See* Fed. R. Civ. P. 12(h)(2) and (3).

**IT IS SO ORDERED.**

**DATED** this 24th day of February, 2014.

_____
LEONARD T. STRAND
UNITED STATES MAGISTRATE JUDGE