# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| VIRGIL VAN STELTON, CAROL VAN STELTON, AND ALVIN VAN STELTON,<br><br>Plaintiffs,<br>vs.<br><br>JERRY VAN STELTON, DONNA VAN STELTON, EUGENE VAN STELTON, GARY CHRISTIANS, DOUG WEBER, SCOTT GRIES, NATE KRIKKE, ROBERT E. HANSEN, DANIEL DEKOTER, OSCEOLA COUNTY, IOWA, AND DEKOTER, THOLE AND DAWSON, P.C.<br><br>Defendants. | No. C11-4045-MWB<br><br>ORDER REGARDING PLAINTIFFS' AMENDED MOTION FOR SANCTIONS |

_____

This case is before me on plaintiffs' Amended Motion For Sanctions (docket no. 130). In their motion, plaintiffs seek sanctions based on defendants Doug Weber, Scott Gries, Nate Krikke, Robert E. Hansen, and Osceola County's (collectively, "the County defendants") answer and counterclaim to plaintiffs' Third Amended Complaint. The County defendants have filed a timely response to plaintiffs' motion.

It is well settled that courts have inherent powers to sanction litigants for conduct that abuses the judicial process. *See Gas Aggregation Servs., Inc. v. Howard Avista Energy, L.L.C.*, 458 F.3d 733, 739 (8th Cir. 2006) (quoting *Lamb Eng'g & Constr. Co. v. Nebraska Pub. Power Dist.*, 103 F.3d 1422, 1435 (8th Cir. 1997)); *see also Willhite v. Collins*, 459 F.3d 866, 870 (8th Cir. 2006); *United States v. Gonzalez-Lopez*, 403 F.3d 558, 564 (8th Cir. 2005). These powers "are governed not by rule or statute but

by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (citation omitted). Under these powers, courts can impose sanctions including shifting attorney's fees. *See id.* at 44-45. Because of the potency of inherent powers, "[a] court must exercise its inherent powers with restraint and discretion, and a primary aspect of that discretion is the ability to fashion an appropriate sanction." *Harlan v. Lewis*, 982 F.2d 1255, 1262 (8th Cir. 1993) (citing *Chambers*, 501 U.S. at 44-45). A finding of "bad faith" is specifically required in order to assess attorneys fees pursuant to the court's inherent authority. *See Willhite*, 459 F.3d at 870.

At the time plaintiffs filed their motion, they also filed a motion to dismiss the County defendants' counterclaim for abuse of process. On January 15, 2014, I denied plaintiffs' motion to dismiss the County defendants' counterclaim for abuse of process. In denying plaintiffs' motion, I found the County Defendants' counterclaim adequately stated a viable abuse of process claim under Iowa law. Therefore, because the County defendants have stated a viable counterclaim for abuse of process, I conclude that sanctions are inappropriate in this case and plaintiffs' Amended Motion For Sanctions is denied.

**IT IS SO ORDERED**.

**DATED** this 29th day of September, 2014.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA