# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| VIRGIL VAN STELTON, CAROL VAN STELTON, AND ALVIN VAN STELTON,<br><br>Plaintiffs,<br>vs.<br><br>JERRY VAN STELTON, DONNA VAN STELTON, EUGENE VAN STELTON, GARY CHRISTIANS, DOUG WEBER, SCOTT GRIES, NATE KRIKKE, ROBERT E. HANSEN, DANIEL DEKOTER, OSCEOLA COUNTY, IOWA, AND DEKOTER, THOLE AND DAWSON, P.C.<br><br>Defendants. | No. C11-4045-MWB<br><br>**ORDER REGARDING PLAINTIFFS' BILL OF COSTS** |

_____

This case is before me on plaintiffs Virgil Van Stelton, Carol Van Stelton, and Alvin Van Stelton's (collectively, "the Van Steltons") Bill of Costs. Defendants Doug Weber, Scott Gries, Nate Krikke, Robert E. Hansen, and Osceola County (collectively, "the County defendants") filed a resistance to the Van Steltons' Bill of Costs. The Van Steltons have not filed a reply.

## I. PROCEDURAL BACKGROUND

On May 11, 2011, Virgil Van Stelton and Alvin Van Stelton filed their initial *pro se* Complaint. The Complaint contained: (1) claims for civil rights violations under 42 U.S.C. § 1983 by all plaintiffs; (2) claims by Virgil Van Stelton for false arrest, malicious prosecution, and loss of consortium; and (3) claims by Virgil Van Stelton and Alvin Van

Stelton for intentional infliction of emotional distress, slander, and "interference with Right to Petition for Redress of Grievances." Subsequently, Virgil and Alvin amended their Complaint to add Carol Van Stelton, Virgil's wife, as a named plaintiff and her claims for intentional infliction of emotional distress, loss of consortium, and slander. After the Van Steltons retained counsel, they sought and were granted leave to file both a Second Amended Complaint and a Third Amended Complaint. The Third Amended Complaint added a law firm as a named defendant and contained claims for: (1) civil rights violations under 42 U.S.C. § 1983; (2) violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.*; and (3) false arrest, malicious prosecution, slander and libel, tortious interference with prospective business advantage, ongoing criminal conduct, and declaratory judgment and injunctive relief.

The gist of the Van Steltons' claims were that the defendant law firm controls and manipulates a wide array of legal matters in Osceola County, Iowa. The law firm allegedly maintains such control through symbiotic relationships it enjoys with the Osceola County Attorney, defendant Robert E. Hansen, and the Osceola County Sheriff, defendant Doug Weber. The Van Steltons also alleged a conflict between them and their two brothers over their interests in a family trust. As part of that dispute, the Van Steltons alleged that Sheriff Weber illegally arrested Virgil. Defendants Weber, Hansen, Scott Gries, Nate Krikke, and Osceola County filed a motion to dismiss portions of the Third Amended Complaint. I granted that motion in part and denied it in part. After which, the County defendants filed their answer to the Third Amended Complaint, as well as a counterclaim for abuse of process. The Van Steltons filed a motion to dismiss that counterclaim, which I denied because the counterclaim adequately stated a viable abuse of process claim under Iowa law. The County defendants then sought summary judgment on the remaining claims asserted against them. I granted the County defendants' motion

for summary judgment and dismissed the remaining claims against them. The County defendants subsequently voluntarily dismissed their counterclaim.

## II. *LEGAL ANALYSIS*

The Van Steltons seek to recover $896.00 as costs as the prevailing party on the County defendants' counterclaim. Specifically, the Van Steltons request $896.00 in deposition expenses related to their deposition of Sheriff Weber. The Van Steltons assert that over 50 percent of their deposition of Sheriff Weber pertained to discovery of his factual basis for the counterclaim against them. The County defendants counter that little of Sheriff Weber's deposition involved questioning him about the counterclaim. Instead, the County defendants claim that most of the questions related to the Van Steltons' claims and, in particular, the alleged conspiracy among the defendants. As a result, the County defendants contend that the costs of Sheriff Weber's deposition are not attributable to the Van Steltons' defense of the counterclaim and should be disallowed.

Federal Rule of Civil Procedure 54(d)(1) provides:

> Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 days' notice. On motion served within the next 7 days, the court may review the clerk's action.

FED. R. CIV. P. 54(d)(1).

Recoverable costs are set out in 28 U.S.C. § 1920, which states:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;

3

> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920.

The Eighth Circuit Court of Appeals has explained that Rule 54(d) "represents a codification of the 'presumption that the prevailing party is entitled to costs.'" *Greaser v. State, Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998) (quoting *Bathke v. Casey's General Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995)); *see also 168th and Dodge, LP v. Rave Reviews Cinemas, L.L.C.*, 501 F.3d 945, 957 (8th Cir. 2007) ("A prevailing party is presumptively entitled to recover all of its costs.") (quoting *In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005)); *Poe v. John Deere Co.*, 695 F.2d 1103, 1108 (8th Cir. 1982) ("Costs, unlike attorney's fees, are awarded to a prevailing party as a matter of course, unless the district court directs otherwise; unusual circumstances need not be present.") (citing *NOW v. Bank of California*, 680 F.2d 1291, 1294 (9th Cir. 1982); *Croker v. Boeing Co.*, 662 F.2d 975, 998–99 (3d Cir. 1981); *Johnson v. Nordstrom–Larpenteur Agency, Inc.*, 623 F.2d 1279, 1282 (8th Cir. 1980); *Jones v. City of San Antonio*, 568 F.2d 1224, 1226 (5th Cir. 1978)). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a

prevailing party." *Greaser*, 145 F.3d at 985 (citing *Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir.1997)); *see also Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987) ("[W]ithin the statutory framework of costs eligible to be taxed, the district court has discretion in determining and awarding costs in a given case."); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 762 (8th Cir. 2006) ("Rule 54(d) presumes an award of costs to the prevailing party; however, the district court has substantial discretion in awarding costs.") (citing *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1072 (8th Cir .2000)); *Cross v. General Motors Corp.*, 721 F.2d 1152, 1157 (8th Cir.1983) ( "Under Rule 54(d), allocation of costs is within the sound discretion of the trial court.").

"Rule 54(d) is phrased in permissive terms and generally grants a federal court the discretion to refuse to tax costs in favor of the prevailing party." *Marmo*, 457 F.3d at 762; *see also Cross*, 721 F.2d at 1157 (The court cited the plaintiff's "limited financial resources" as a reason to award only a partial award of costs to the defendant.). "The 'losing party bears the burden of making the showing that an award is inequitable under the circumstances.'" *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 498 (8th Cir. 2002) (quoting *In re Paoli*, 221 F.3d 449, 462–63 (3d Cir. 2000)). When a district court denies costs, it must provide a rationale for doing so. *See Thompson v. Wal–Mart Stores, Inc.*, 472 F.3d 515, 517 (8th Cir. 2006). "A general statement of fairness is insufficient, without more, to rebut the Rule 54(d)(1) presumption for an award of costs to the prevailing party." *Id.* For example, the Eighth Circuit Court of Appeals has recognized that a losing plaintiff's "limited financial resources" are a reason to award only part of the costs to the defendant, *Cross*, 721 F.2d at 1157, and that a district court

may deny an award of costs in their entirety if "a plaintiff is poor or for other good reason." *Poe*, 695 F.2d at 1108.[1]

The County defendants concede that the voluntary dismissal of their counterclaim without prejudice makes the Van Steltons eligible for costs under Rule 54. *See Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001) (observing that "[w]e do not read Rule 54(d)(1) as impairing the inherent authority of a trial court to award costs incurred in defending an action prior to its voluntary dismissal by the plaintiff, even though a voluntary dismissal without prejudice means that neither party can be said to have prevailed."); *see also Carter v. Incorporated Village of Ocean Beach*, 759 F.3d 159. 166 (2nd Cir. 2014) ("A voluntary dismissal of an action with prejudice works such alteration, because it constitutes 'an adjudication on the merits for purposes of res judicata,'") (quoting *Chase Manhattan Bank, N.A. v. Celotex Corp.*, 56 F.3d 343, 345 (2d Cir. 1995)); *First Commodity Traders, Inc. v. Heinold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985) (noting that a voluntary dismissal without prejudice renders the opposing party a "prevailing party" within the meaning of Rule 54); *Cantrell v. International Broth. Of Elec. Workers, AFL-CIO*, 69 F.3d 456, 458 (10th Cir. 1995) (holding that "in cases not involving a settlement, when a party dismisses an action with or without prejudice, the district court has discretion to award costs to the prevailing party under Rule 54(d).").

Deposition costs are unrecoverable if taken solely for discovery or investigative purposes, rather than for use in the case. *See Marmo*, 457 F.3d at 762; *Smith v. Tenet*

---

[1] If appealed, the Eighth Circuit Court of Appeals will "review the district court's denial of costs for abuse of discretion." *Greaser*, 145 F.3d at 985 (citing *Milton v. City of Des Moines, Iowa*, 47 F.3d 944, 947 (8th Cir. 1995)). However, "[a] court of appeals lacks jurisdiction to hear an appeal where the sole issue is that the district court abused its discretion as to the amount of costs awarded." *Poe*, 695 F.2d at 1109.

*Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006); *Koppinger v. Cullen-Schiltz & Assocs.*, 513 F.2d 901, 911 (8th Cir. 1975); *Cowden v. BNSF Ry. Co.*, 991 F. Supp.2d 1084, (E.D. Mo. 2014); *Ryther v. KARE 11*, 864 F. Supp. 1525, 1534 (D. Minn. 1994); *Chester v. Northwest Iowa Youth Emergency Ctr.*, 158 F.R.D. 626 (N.D. Iowa 1994); *see also Callicrate v. Farmland Indus., Inc.,* 139 F.3d 1336, 1340 (10th Cir. 1998); *Alexander Mfg., Inc. Employee Stock Ownership and Trust v. Illinois*, 688 F. Supp. 1170. 1177 (D. Or. 2010); *Karsian v. Inter–Fin. Group, Inc.*, 13 F. Supp.2d 1085, 1088 (D. Colo. 1998); *Hall v. Ohio Educ. Assoc.*, 984 F. Supp. 1144, 1146 (S.D. Ohio 1997). Here, however, I conclude that Sheriff Weber's deposition was not merely investigative and the County defendants have not met their "burden of overcoming the presumption that the prevailing party is entitled to costs." *Rave Reviews Cinemas, L.L.C.*, 501 F.3d at 958. The Van Steltons' counsel exhaustively examined Sheriff Weber about his counterclaim. Thus, Sheriff Weber's deposition clearly was "necessarily obtained for use in the case" and the costs are recoverable pursuant to § 1920(2). Therefore, I find that Sheriff Weber's deposition was necessarily obtained for use in this case and award the Van Steltons' $896.00 in deposition costs.

**IT IS SO ORDERED**.

**DATED** this 9th day of February, 2015.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA